LEONOR SABATER, Petitioner, v. DISTRICT COURT OF SAN JUAN, HON. ROBERTO H. TODD JR., JUDGE; INDUSTRIAL COMMISSION OF PUERTO RICO, Appellant.

No. 7636. Argued April 21, 1938.—Decided January 20, 1939.

M. *León Parra*, for appellant; *Virgilio Brunet*, for petitioner-appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Industrial Commission held that the posthumous child of a deceased employee was entitled to compensation under the Workmen's Accident Compensation Act of 1928 (Session Laws, 630). The decision of the Industrial Commission was affirmed by a judgment of the district court. The judgment of the district court was annulled by one rendered on certiorari, after issuance of a writ, by a member of this court during a vacation period. The present appeal is from the judgment last mentioned.

The district court held that the Industrial Commission had the power to decide, as it had decided, that the mother of the posthumous child, as concubine of the father, was dependent on him for her support up to the time of his death. This finding of the Commission was not disturbed by the judgment of the district court nor by the judgment rendered in the certiorari proceeding. The gist of the judg-

ment last mentioned was to the effect that posthumous children were not included in subdivision 5 of Section 3 of the Workmen's Accident Compensation Act of 1928. That section, as it stood at the time of the father's death included "legitimate children and legitimate grandchildren, and the illegitimate children, whether natural or not, of the deceased laborer, who at the time of his death were reasonably dependent on his earnings for their support." (Page 638.) The law did not, either expressly or by necessary implication, exclude posthumous children. They should not be excluded by strict construction. As pointed out by the district judge, for all beneficial purposes, a child *en ventre sa mere* is usually considered as born. 1 Bouvier 1038. By the terms of Section 919 of the Civil Code of Puerto Rico (1930 ed.) "a widow who remains pregnant, even though she be rich, must be given support from the estate, taking into consideration the portion thereof which may pertain to the posthumous child, should it be born and be viable." The legislature must be deemed to have been aware of this provision, aware of the general principle that children *en ventre sa mere* are for certain purposes considered as having been born, and aware of other provisions of the Civil Code, based upon this principle or in full consonance therewith. Nevertheless, the legislature in its enactment of subdivision 5 of Section 3, *supra,* did not see fit to draw any distinction between children of an injured employee born prior to his death and those born thereafter. *Ubi lex non distinguit nec nos distinguere debemus.*

In 1935 the Workmen's Accident Compensation Act of 1928 was repealed and superseded by a new law (Session Laws, 250). Subdivision 5 of Section 3 of this new law reads in part as follows:

"Should the workman or employee leave a widow, parents, legitimate or illegitimate children, posthumous children, whether or not natural or adoptive children, or grandchildren, any of whom were wholly or partly dependent for their support on the earnings of

the deceased workman or employee at the time of his death, they shall receive a compensation . . ." (p. 264.)

Petitioner in the certiorari proceeding, now appellee, lays some stress on the fact that the words "posthumous children" were included in subdivision 5 as reenacted in 1935. This change in the wording of the law does not necessarily signify a previous intention on the part of the legislature in 1928 to exclude posthumous children. It is equally consistent, not to say more consistent, with an intention in 1935, to dissipate any doubt that might have arisen as to the meaning of subdivision 5, and to remove the possibility of any further misunderstanding.

Another contention of petitioner in the certiorari proceeding was that in the absence of a previous declaration of heirship by a district court, the Industrial Commission had no power to determine the question of heirship. The judgment in the certiorari proceeding contains a dictum which tends to support this contention.

Sections 13 and 20 of the Act of 1928 were in part as follows:

"Section 13.—If a claim for review is filed under the preceding section, the Industrial Commission shall hear the parties and may hear evidence in regard to pertinent matters and may revise the decision in whole or in part, or may refer the matter back to the commissioner for further findings of fact, . . ." (p. 656.)

"Section 20.—In any case where it is necessary to determine the heirs of a deceased workman, the Commission shall so notify the Attorney General so that the District Attorney of the proper district court, or any law clerk authorized to act as district attorney, may prosecute the case until a declaration of heirs of the deceased laborer is obtained, which declaration shall be forwarded to the Commission; . . ." (P. 658.)

In the instant case, as pointed out by the district judge, the commission did not pass upon any question of heirship. The controversy was between the mother of the deceased employee, a married man, and his illegitimate child, the issue

of an adulterous relationship with the mother of the child. The mother of the deceased employee had obtained and presented a declaration of heirship which established her status as the sole and universal heir of such employee, except as to the widow's usufructuary interest. The district judge not only conceded, but expressly stated as his opinion, that the Commission, in the absence of a previous declaration of heirship by the district court, could not say who were the heirs of a deceased employee. He cited as authority *Ponce* v. *District Court*, 50 P.R.R. ——. The child was not an heir and could not have obtained a declaration of heirship. What the Commission decided, aside from any question of heirship, was that an unborn child, whose mother depended for her support upon the earnings of the father, also depended for its support upon those earnings, and was therefore entitled to compensation under the Act of 1928.

Illegitimate children, even though they be not natural children, are entitled to support. Section 128 of the Civil Code (1930 ed.). We must assume that the legislature was aware of this. Yet subdivision 5 of section 3 does not discriminate either in favor of natural children or against illegitimate children who are not natural children. We find no evidence of any legislative intention in the law of 1928, to exclude illegitimate children who are not natural children merely because they could not succeed in a filiation suit nor obtain a declaration of heirship.

The beneficiaries enumerated in subdivision 5 of section 3 of the Act of 1928 do not take by inheritance or otherwise, unless they were "reasonably dependent" on the employee's earnings for their support. If they are not dependent on those earnings for their support, they do not receive anything. If the parents, widow or widower, are dependent and the legitimate children are not dependent, the legitimate children themselves receive nothing. If the illegitimate children who are not natural children, are dependent and the legitimate children or acknowledged natural children, are not dependent,

then the legitimate children and the acknowledged natural children, receive nothing. The money is not distributed among the heirs in accordance with the statutory provisions governing descent and distribution. It must be "equitably distributed among all the aforesaid relatives according to the condition, needs, and degree of relationship and dependence of each."

A declaration of heirship is required only "where it is necessary to determine the heirs of a deceased workman." That declaration, whether necessary or not, was obtained in the present case. Where as here, the status of the only heir who is also a beneficiary has been duly established by a formal declaration of heirship, the law does not require that another beneficiary who is not an heir shall also obtain a declaration of heirship as a jurisdictional prerequisite to favorable action upon his claim by the Commission.

The judgment appealed from must be reversed and the record will be returned to the district court.

Mr. Justice Wolf and Mr. Justice De Jesús took no part in the decision of this case.